The Honorable David R. Malone State Senator P.O. Box 1048
Dear Senator Malone:
This is in response to your request for an opinion regarding the legality of a hypothetical insurance company policy. The documents submitted with your request include a policy wherein a company is named as "Agent for Certain Qualified Plans" (i.e. pension plans investing in the policy), a commission agreement granting that company, as "General Agent," the right to commissions for monies deposited under the policy, and a General Agency Contract. You have asked the following specific questions:
 1. Would payments under the 1234 Commission Agreement be in violation of Ark. Code Ann. Section 23-66-206(8), or any other Arkansas Code Section or Regulation, if the phrase on the 1234 policy, "as agent for Certain Qualified Plans," in interpreted to mean that the General Agent referred to in the 1234 Commission agreement is the agent of the pension plans investing in the 1234 policy?
 2. Would it be a violation of any Code or Regulation of the State of Arkansas for a licensed General Agent to be named by the Insurance Company he represents as an Agent for a consumer under a contract created by the Insurance Company while that agent was receiving commissions from the Insurance Company on the contract in question?
It is my opinion that the answer to both of these questions is, generally, no. It must be noted in this regard that a violation of Arkansas law does not occur simply by virtue of a general agent's simultaneous relationship as agent for the insured whose business he or she places. An agent is ordinarily going to be both an appointed agent with the company and an agent for the insured. (The pension plan in this instance essentially takes the place of an individual insured.) It should also be recognized that A.C.A. 23-66-206(8), which is referenced in your inquiry, would not appear to be applicable in this instance since the "rebates" referenced therein, which generally involve inducements to procure insurance, are directed toward the consumer and not the agent.
Nor, in my opinion, would any violation occur as a result of a licensed general agent being named by the insurance company as an agent for a consumer. Again, an agent ordinarily properly receives commissions from the insurance company on policies he or she issues. The fact that the policy in question is a variable annuity would not appear to impact the agent's right to commissions pursuant to the annuity provisions in addition to those paid under his or her individual general agency contract.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly upon the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties, nor should it be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.